UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN HERRERA and ELIZABETH HERRERA,<br><br>Plaintiffs,<br><br>v.<br><br>FCA US LLC, a Delaware Limited Liability Company; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No.: 3:17-cv-00579-AJB-BGS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR COSTS AND EXPENSES**<br><br>**(Doc. No. 102)** |

Before the Court is Plaintiffs' motion for costs and expenses. (Doc. No. 102.) Defendant FCA US LLC ("FCA") opposed the motion. (Doc. No. 104.) For the reasons stated herein, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' motion, with a reduction of costs as set forth in detail below.

I.  **BACKGROUND**

This case arises out of the purchase of a new 2011 Jeep Grand Cherokee ("the Vehicle") for a sales price of $45,706.32. The Vehicle was manufactured and distributed by Defendant FCA US LLC, which provided a written warranty with the Vehicle. Within the applicable warranty period, the Vehicle exhibited repeated engine and electrical issues. Despite numerous attempts by FCA to fix Plaintiffs' Vehicle, the problems persisted. Plaintiffs eventually contacted FCA customer service in November 2015, and requested

FCA repurchase the Vehicle. FCA rejected Plaintiffs' request. Plaintiffs filed their Complaint in San Diego Superior Court on June 17, 2016, alleging violations of the Song-Beverly Act and fraudulent concealment. The action was removed to this Court on March 23, 2017. On May 29, 2019, the parties filed a joint settlement.

## II.   DISCUSSION

Plaintiffs seek costs in the amount of $14,711.06. (Doc. No. 102-1 at 2.) "In general, an award of costs in federal district court is governed by Federal Rule of Civil Procedure 54(d) and not applicable state law, even in diversity cases." *Self v. FCA US LLC*, No. 1:17-CV-01107-SKO, 2019 WL 1994459, at *12 (E.D. Cal. May 6, 2019) (citing *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003)). An exception exists under *Clausen v. M/V NEW CARISSA*, 339 F.3d 1049 (9th Cir. 2003), *as amended on denial of reh'g* (Sept. 25, 2003), which held that the measure of damages is a matter of state substantive law where "a state law provision allows for the awarding of costs as part of a substantive, compensatory damages scheme[,]" *Kelly v. Echols*, No. CIVF05118AWISMS, 2005 WL 2105309, at *16 (E.D. Cal. Aug. 30, 2005). In *Clausen*, the Ninth Circuit found that the measure of damages under Oregon's Oil Spill Act "'is inseparably connected with the right of action[.]'" *Clausen*, 339 F.3d at 1065 (quoting *Chesapeake & O. Ry. Co. v. Kelly*, 241 U.S. 485, 491 (1916)). The Ninth Circuit added that the Oregon Oil Spill Act presented the court "with an 'express indication' of a state legislature's 'special interest in providing litigants' with full compensation for reasonable sums expended in pursuit of [their] Oil Spill Act claim." *Clausen*, 339 F.3d at 1065 (citation omitted). Thus, the pertinent analysis in *Clausen* focuses on whether a state legislature has expressed a special interest in providing litigants with attorneys' fees and costs.

Here, section 1794(d) of the California Civil Code provides that buyers prevailing in an action under the Song-Beverly Act "shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been

reasonably incurred by the buyer in connection with the commencement and prosecution of such action." Cal. Civ. Code § 1794 (emphasis added). The California Legislature has demonstrated a "special interest" in permitting prevailing Song-Beverly plaintiffs to recover costs and expenses under section 1794. As the California Court of Appeal has noted "[a]n analysis by the Assembly Committee on Labor, Employment, and Consumer Affairs states: 'Indigent consumers are often discouraged from seeking legal redress due to court costs. The addition of awards of 'costs and expenses' by the court to the consumer to cover such out-of-pocket expenses as filing fees, expert witness fees, marshal's fees, etc., should open the litigation process to everyone.'" *Jensen v. BMW of N. Am., Inc.*, 35 Cal. App. 4th 112, 138 (1995), *as modified on denial of reh'g* (June 22, 1995). Therefore, the Court concludes that the Song-Beverly Act applies to Plaintiffs' contention that they are entitled to costs and expenses.

However, while state substantive law may apply, this does not obviate the Court's obligation to ensure that the costs were "reasonably incurred." Thus, the Court will briefly review whether Plaintiffs' requested costs and expenses are reasonable. First, Plaintiffs seek $69.95 for service of summons on La Mesa Chrysler Jeep, Inc. (Doc. No. 104 at 5.) The Court declines to award this amount of costs to Plaintiffs as La Mesa Chrysler Jeep, Inc. was not a defendant in this federal proceeding.

Second, FCA takes issue with Plaintiffs' request for reimbursement of travel expenses incurred for attending depositions. (*Id.* at 6.) However, because FCA does not cite any authority limiting travel costs in Song-Beverly cases, these costs are deemed recoverable. *See Hellenberg v. Ford Motor Co.*, No. 18CV2202 JM (KSC), 2020 WL 1820126, at *6 (S.D. Cal. Apr. 10, 2020) (agreeing that costs and expenses related to travel for a deposition may be recovered); *Heffington v. FCA US LLC*, No. 217CV00317DADJLT, 2020 WL 5017610, at *12 (E.D. Cal. Aug. 25, 2020) ("But, as plaintiff points out in response, plaintiff is not limited to recovery of taxable costs in this Song Beverly Act case. Accordingly, the court will not reduce any of the requested amount for plaintiff's attorneys' travel.") (citation omitted).

Third, FCA disputes the $11,226.75 amount in expert witness fees in this case. (Doc. No. 104 at 6.) In particular, FCA argues the charge of $6,854.75 related to Dr. Barbara Luna is unreasonable because Dr. Luna spent nearly 29 hours on a case "where her testimony was nearly identical to that given in a hundred or more other cases against Defendant." (*Id.* at 7.) Moreover, FCA argues Dr. Luna was Plaintiffs' fraud expert, yet Plaintiffs did not recover anything on the fraud claim. (*Id.* at 8.) The Court largely agrees with FCA, and so, in its discretion, will reduce the recoverable cost relating to Dr. Luna by $3,427.37.

In sum, based on the reasoning provided above, the Court will reduce Plaintiffs' requested cost by $3,497.32.

## I. CONCLUSION

After thorough review of Plaintiffs' submitted Bill of Costs, and briefing filed in support thereof, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' motion for costs. Plaintiffs will be awarded $11,213.73 in costs. By **June 1, 2021**, the parties are **ORDERED** to either (1) file a joint motion to dismiss the entirety of this action, or (2) contact the chambers of Magistrate Judge Skomal for final scheduling of this case.

**IT IS SO ORDERED.**

Dated: May 20, 2021

Hon. Anthony J. Battaglia
United States District Judge